Ryder v. Hulscher.

# CHARLES RYDER

## v.

## FRED HULSCHER.

*Estrays—Sec. 34, Chap. 50, R. S.—Penalty.*

1. A suit to recover a penalty under Sec. 34, Chap. 50. R. S., may be brought in the name of the informer. The State has no interest in the recovery.

2. Such suit should be brought in the name of the informer for use of himself and the county.

3. A refusal to allow by amendment the substitution of an improper person as party plaintiff can not be complained of.

[Opinion filed September 11, 1891.]

IN ERROR to the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

The plaintiff in error brought suit before a justice of the peace of Madison County against the defendant in error, to

recover a penalty under Sec. 34, Chap. 50, R. S., which section is: "If any person taking up any estray or other property, or finding any property, fails to comply with the requisitions of that chapter, he shall for every such offense forfeit and pay to the informer the sum of $10, with costs, recoverable before any justice of the county where such offense shall be committed, one-half to the use of the county and the other half to the use of the person suing for the same." By appeal that suit was taken to the Circuit Court of Madison County, where the following judgment was entered: "Now, on this day come the said parties, by their respective attorneys, whereupon the said defendant, by his attorneys, moves the court to dismiss this cause. And the court having heard argument of counsel and being fully advised, sustains said motion for the reason that said cause should have been prosecuted in the name of the people of the State of Illinois. And thereupon, the plaintiff, by his attorneys, files his cross motion, asking leave to amend the papers in said cause so as to conform to the ruling of the court, but the court overruled said motion and dismissed said cause and rendered judgment against the plaintiff for costs of suit. To which ruling of the court in allowing said motion of defendant and denying said motion of plaintiff, and rendering judgment dismissing said cause, and against the plaintiff for costs, the plaintiff then and there excepted." The plaintiff sues out this writ of error and assigns as error the dismissing of the suit at plaintiff's cost and denying plaintiff's motion for leave to amend.

Messrs. HAPPY & TRAVOUS, for plaintiff in error.

Messrs. DALE & BRADSHAW, for defendant in error.

PHILLIPS, P. J. A suit to recover a penalty under Sec. 34, Chap. 50, R. S., may be brought in the name of the informer. The State has no interest in the recovery. The action should be brought in the name of the informer, or more properly, in the name of the informer for use of himself and the county. Higby v. The People, etc., 4 Scam. 165. It was error to dis-

miss the suit, because not brought in the name of the people. The motion by plaintiff for leave to amend so as to conform to the ruling of the court was properly denied, as it would have been error to have the suit in the name of the people as held in Higby's case, *supra*.  To refuse to permit an amendment substituting the people as plaintiffs was not error.  For the error in dismissing the suit as adjudged by the Circuit Court, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*